UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| COURTNEY TAYLOR, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ZIP CAPITAL GROUP LLC, a California registered company,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:24-cv-02835-N<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COMPLAINT

COMES NOW Defendant ZIP CAPITAL GROUP, LLC, (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff COURNTNEY TAYLOR (hereinafter "Plaintiff"), by admitting, denying and alleging as follows:

### PARTIES

1.　Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 1, and thereby denies them at the present time.

2.　Answering Paragraph 2, Defendant admits it is a company registered in California. Defendant admits it has a location in Irvine, California. Defendant denies the remaining allegations in Paragraph 2 of the Complaint, which also constitutes legal conclusions.

### JURISDICTION AND VENUE

3.　Defendant presently lacks sufficient knowledge to admit or deny the allegations in Paragraph 3, however; Defendant does not contest jurisdiction at the present time.

4. Defendant denies the allegations in Paragraph 4 as they call for a legal conclusion, however; Defendant does not contest venue at the present time.

## INTRODUCTION

5. Paragraph 6 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

6. Paragraph 7 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

7. Paragraph 8 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

8. Paragraph 9 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

9. Paragraph 10 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

10. Paragraph 11 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

11. Paragraph 12 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

12. Paragraph 13 of Plaintiff's Complaint does not contain affirmative allegations against Defendant. Therefore, Defendant is not required to respond to this paragraph. If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

## **COMMON ALLEGATIONS**

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Defendant admits the allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 and its subparts of the Complaint.

19. Answering Paragraph 19, Defendant admits Plaintiff has brought this action. Defendant denies that Plaintiff is entitled to any relief against Defendant as sought in the Paragraph and elsewhere in the Complaint. Defendant denies the remaining allegations in Paragraph 19 of the Complaint, which also constitutes legal conclusions.

## PLAINTIFF TAYLOR'S ALLEGATIONS

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

## CLASS ALLEGATIONS

35. Answering Paragraph 35 and its subparts, Defendant admits Plaintiff has brought a class action. Defendant denies the remaining allegations in Paragraph 35 and its subparts of the Complaint, which also constitutes legal conclusions.

36. Answering Paragraph 36 of the Complaint, Defendant admits that Plaintiff has excluded persons from the purported class but denies that a valid class exists.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 and its subparts of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

## FIRST CLAIM FOR RELIEF

## 47 U.S.C. § 227

41.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

42.     Paragraph 42 of Plaintiff's Complaint does not contain affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

43.     Paragraph 43 of Plaintiff's Complaint does not contain affirmative allegations against Defendant.  Therefore, Defendant is not required to respond to this paragraph.  If this paragraph is deemed to contain any affirmative allegations against Defendant, Defendant responds that it lacks sufficient knowledge or information to form a belief about the truth of the allegations and denies them at the present time.

44.     Defendant denies the allegations in Paragraph 44 of the Complaint and denies them as they constitute legal conclusions.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint and denies them as they constitute legal conclusions.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

## PRAYER FOR RELIEF

Answering Plaintiff's unnumbered Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief against Defendant as sought in the Paragraph, its subparts and elsewhere in the Complaint.

## JURY DEMAND

Answering Plaintiff's jury demand, Defendant admits that Plaintiff's demands a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Mitigation of Damages)**

3. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

**(Estoppel)**

4. As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

5. Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

### SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

6. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

### SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

7. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any law, including provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").

### EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

8. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

///

### NINTH AFFIRMATIVE DEFENSE

### (Laches)

9. Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

10. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Conduct of Third Parties)**

11. As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

### TWELFTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

12. As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring an action.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Substantial Compliance)**

13. As a separate, affirmative defense, Defendant asserts that it substantially complied with the requirements of the statutes at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

**(No Damages)**

14. As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

**(Maintained Reasonable TCPA Procedures)**

15. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the TCPA.

### SIXTEENTH AFFIRMATIVE DEFENSE

**(Reasonableness and Good Faith)**

16. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to the answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Bona Fide Error)**

17. As a separate, affirmative defense, assuming arguendo that Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Legitimate Business Purpose)**

18. As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## NINETEENTH AFFIRMATIVE DEFENSE

**(TCPA Damages are Limited)**

19.     As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 47 U.S.C. § 227 *et seq.*

### TWENTIETH AFFIRMATIVE DEFENSE

### (Damages Not Specific)

20.     Plaintiff's Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Actions were Privileged and Justified)

21.     As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Arbitration)

22.     As a separate, affirmative defense, Defendant reserves the right to compel arbitration.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Consent)

23.     If any acts or omissions of the Defendant are proved, which the Defendant expressly denies occurred, then such acts or omissions were provoked by Plaintiff, and done with the consent, express and implied of Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (No ATDS or Artificial or Prerecorded Voice)

24.     As a separate, affirmative defense, Defendant asserts that any alleged calls by Defendant to Plaintiff were not made by an automatic telephone dialing system or an artificial or prerecorded voice.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(No Revocation)**

25. Plaintiff never revoked consent to call the phone number at issue.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

26. Plaintiff assumed the risk of the calls made by Defendant.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

Respectfully Submitted,

LAW OFFICES OF KEITH WIER, PLLC.

 */s/ Keith Wier*
Keith Wier
SBN: 21436100 / Fed ID: 7930
15150 Preston Road, Suite 300
Dallas, Texas 75248
Phone: (214) 540-6690
Email: kwier@keithwierlaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I, Keith Wier, hereby certify that on January 2, 2025, I electronically filed the foregoing Answer with the Clerk of the Court by using the CM/ECF system and that all known counsel of record received a copy of the same.


Dated:  January 2, 2025                              *s/ Keith Wier*               
                                                                         Keith Wier